## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

JOE WILLIE LOVE                                                    PLAINTIFF


V.                              NO. 3:10CV00148 JTR


MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                            DEFENDANT

## <u>ORDER</u>

Pending before the Court is Plaintiff's Motion requesting an award of attorney's fees and expenses under the Equal Access to Justice Act ("EAJA").[1] (Docket entry #15).

Plaintiff's attorney, Mr. Anthony Bartels, requests a total payment of $1,919.97 consisting of: (1) 9.25 hours of attorney work in 2010 at the adjusted hourly rate of $175.00 ($1,618.75); (2) .35 hours of attorney work in 2011 at the adjusted hourly rate of $181.00 ($63.35); (3) 2.95 hours of paralegal work at the rate of $75.00 ($221.25); and (4) $16.62 in expenses for serving Plaintiff's Complaint via certified mail. He also requests that the award be made payable directly to him based on an assignment

---

[1] On May 31, 2011, the Court entered a Memorandum Order and Judgment reversing the Commissioner's decision and remanding this case for further administrative proceedings. (Docket entries #29 and #30).

executed by Plaintiff.

The Commissioner does not object to the requested amount of fees.  However, the Commissioner contends that Plaintiff, who was granted *in forma pauperis* status, is not entitled to reimbursement for the  $16.62 cost of serving the Complaint and summons via certified mail.

The EAJA expressly allows for the recovery of costs "[e]xcept as otherwise specifically prohibited by statute[.]" 28 U.S.C. § 2412(a)(1). The Commissioner relies on the statute governing proceedings *in forma pauperis*, 28 U.S.C. § 1915(f)(1), which provides in pertinent part that "[j]udgment may be rendered for costs at the conclusion of the suit or action as in other proceedings, but the United States shall not be liable for any of the costs thus incurred."

Some courts have held that § 1915(f)(1) prohibits a social security claimant proceeding *in forma pauperis* from recovering costs against the United States.  *See, e.g., Chambers v. Barnhart*, 355 F.3d 1261, 1263-64 (10th Cir. 2004) (prevailing claimant in social security appeal was denied bill of costs under EAJA due to *in forma pauperis* status under § 1915(f)(1)).  However, some courts have also held that the prohibition for "costs" as used in 28 U.S.C. § 1915(f)(1), includes only those items expressly listed as "costs" under 28 U.S.C. § 1920, distinguishing "expenses" that are

not among the express "costs" listed in § 1920.[2]  *See Torres v. Barnhart*, 2007 WL

1810238 (S.D.N.Y. June 25, 2007) (unpublished decision) ("items enumerated in 28

U.S.C. § 1920  are 'costs' and not recoverable by an IFP party against the United

States; items not enumerated in § 1920  may be considered 'expenses,' delineated

separately within § 2412(d)(1), not governed by  28 U.S.C. § 1915(f)(1), and thus

recoverable against the United States").   This view is consistent with the practice in

the Eastern District of Arkansas.  *See Jones v. Barnhart*, 2004 WL 2297857 (E.D.

Ark. August 30, 2004) (unpublished decision) (social security claimant proceeding in

forma pauperis was allowed to recover postage as a reasonable "expense" under the

EAJA but not allowed photocopying costs because they are expressly listed as "costs"

in 28 U.S.C. § 1920(4)); *see also Kelly v. Bowen*, 862 F.2d 1333, 1335-36 (8th Cir.

---

[2]The statute provides, in pertinent part, that the following items are taxable as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

1988) (reasonable expenses under the EAJA include telephone, postage, and travel expenses).

Based on the foregoing, the Court concludes that Plaintiff's request for certified mail reimbursement is a reasonable "expense" under the EAJA.

Finally, the Commissioner objects to an EAJA award made directly to Plaintiff's counsel. Pursuant to the Supreme Court's holding in *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), an award of EAJA fees belongs to the prevailing party, not that party's lawyer. Nonetheless, the Commissioner proposes mailing Plaintiff's check to the care of Plaintiff's counsel. Consistent with that procedure, the Court will award Plaintiff his attorney's fees pursuant to the EAJA.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Attorney's Fees Pursuant to the EAJA (docket entry #15) is GRANTED, IN PART, and DENIED, IN PART.

IT IS FURTHER ORDERED that Plaintiff is awarded $1,919.97 in attorney's fees and expenses under the EAJA.

DATED this 11th day of April, 2012.

_____
UNITED STATES MAGISTRATE JUDGE